UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SANTELICES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APTTUS CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-07414-HSG<br><br>**ORDER GRANTING MOTION TO REMAND AND GRANTING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 20, 24, 29, 35 |

Pending before the Court is Plaintiff Jeffrey Santelices' motion to remand, as well as several administrative motions to seal. *See* Dkt. Nos. 20, 24, 29, 35. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion to remand. The Court further **GRANTS** the administrative motions to seal.

I. **BACKGROUND**

Plaintiff originally filed this action in San Mateo Superior Court on February 8, 2019, against his former employer, Defendant Apttus Corporation. *See* Dkt. No. 1-1, Ex. 1 at 7.[1] Plaintiff alleged that Apttus failed to pay him his severance benefits as well as the value of certain stock options. *See id.* Plaintiff brought causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the California Labor Code for failing to pay wages and waiting time penalties. *See id.* On October 10, 2019, Plaintiff filed a First Amended Complaint ("FAC"), adding Defendants Project Everest Parent, LLC and Project Everest Holdings, LLC, and as relevant to this motion, an additional cause of action. *See id.* at 71.

---

[1] Unless otherwise specified, the Court refers to pagination in the PDF for the state court records.

Plaintiff alleges that as part of his compensation as a Vice President for Apttus Corporation, Apttus offered him stock options and restricted stock units (collectively, "stock options"), which entitled him to receive common stock in the company. *See id.* at ¶ 3. Plaintiff further alleges that under the terms of the related stock plan and stock option agreements, "no modification of a[] [stock] Option shall . . . impair the Optionee's rights or increase the Optionee's obligations." *Id.* at ¶¶ 3, 21–23. In August 2018, however, Apttus's board of directors sold Apttus at less than its fair market value. *See id.* at ¶¶ 4, 42. And as part of this transaction, Defendants agreed to convert Plaintiff's stock options to less valuable stock options in the buyer's company. *Id.* at ¶¶ 4–6. These converted stock options entitled Plaintiff to receive what he claims are inferior "Class C Units." *See id.* at ¶¶ 6–8, 44–47. Unlike common stock, these Class C Units "do not receive any distributions until the liquidation preferences associated with Class A Units and Class B Units are paid in full." *See id.* at ¶¶ 8, 47, 51. Plaintiff alleges that these Class C Units are thus "potentially worthless." *Id.* Plaintiff further alleges that Defendants did not inform him that his outstanding stock options would be impaired. *See id.* at ¶¶ 9, 44, 49, 51.

On the basis of these facts, Plaintiff brought a new cause of action for violation of the California Corporate Securities Act of 1968, Cal. Corp. Code § 25110. *See id.* at ¶¶ 94–110. Under § 25110, "[i]t is unlawful for any person to offer or sell in this state any security in an issuer transaction . . . unless such sale has been qualified," or is exempt or otherwise not subject to qualification. *See* Cal. Corp. Code § 25110. According to Plaintiff, the stock options are "securities" under the California Act, and Defendants issued unqualified securities to Plaintiff in violation of § 25110. *See* FAC at ¶¶ 10, 94–110. Plaintiff further notes that Defendants could not "avail [themselves] of any exemption to qualification" because they had not complied with Rule 701 of the Securities Act of 1933, 17 C.F.R. § 230.701, as required under California law. *See id.* at ¶¶ 106–107 (citing Cal. Corp. Code § 25102(*o*)).

Defendants removed this action on November 8, 2019, alleging that it arises under federal law under 28 U.S.C. § 1331 based on this new cause of action under the California Corporate Securities Act. *See* Dkt. No. 1. Plaintiff moves to remand the action. *See* Dkt. No. 24.

//

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

## III. DISCUSSION

### A. Motion to Remand

Plaintiff argues that Defendants improperly removed this action on the basis of federal question jurisdiction. Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Such jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, a case may arise "aris[e] under" federal law for the purpose of 28 U.S.C. § 1331 "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). However, a case raising a federal defense does not "arise under" federal law "even if the defense is anticipated in the complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense." (quotations omitted)).

Here, it is undisputed that Plaintiff's FAC contains exclusively state law causes of action. *See generally* FAC. Although the FAC references Rule 701 in arguing that Defendants are not exempt from the qualification requirements under the California Corporate Securities Act, *See*

1  FAC at ¶¶ 106–107, merely referencing a federal statute in anticipation of Defendants' possible

2  defenses is insufficient to confer federal jurisdiction.

3        The Supreme Court has nevertheless recognized that in "certain cases federal-question

4  jurisdiction will lie over state-law claims that implicate significant federal issues." *See Grable &*

5  *Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Under *Grable*, a federal

6  court may exercise jurisdiction over a state law claim only if (1) the action necessarily raises a

7  federal issue that is (2) disputed and (3) substantial, and if (4) the Court may entertain the case

8  without disturbing the congressionally approved balance of federal and state judicial

9  responsibilities. *Id.* at 314. Defendants urge that this case presents such a "significant federal

10  issue." *See* Dkt. No. 27 at 3–5.

11        Defendants argue that the Court has federal question jurisdiction because to find

12  Defendants liable under § 25110, the Court will necessarily have to interpret and apply federal

13  law. *See* Dkt. No. 27 at 4. As noted in Section I above, § 25110 prohibits the sale of unqualified

14  securities. *See* Cal. Corp. Code § 25110. However, the California Corporate Securities Act

15  contains certain exemptions to qualification under § 25110. Specifically, under § 25102(*o*), "[t]he

16  following transactions are exempted":

> An offer or sale of any security . . . issued pursuant to an option plan or agreement, *where the security at the time of issuance or grant is exempt from registration under the Securities Act of 1933, as amended, pursuant to Rule 701 . . ., the provisions of which are hereby incorporated by reference into this section*, provided that (1) the terms of any purchase plan or agreement shall comply with Sections 260.140.42, 260.140.45, and 260.140.46 of Title 10 of the California Code of Regulations, (2) the terms of any option plan or agreement shall comply with Sections 260.140.41, 260.140.45, and 260.140.46 of Title 10 of the California Code of Regulations, and (3) the issuer files a notice of transaction in accordance with rules adopted by the commissioner no later than 30 days after the initial issuance of any security under that plan, accompanied by a filing fee as prescribed by subdivision (y) of Section 25608.

26  Cal. Corp. Code § 25102(*o*) (emphasis added). The Court acknowledges that if Defendants raise

27  § 25102(*o*) as a defense to Plaintiff's state law cause of action, it may have to determine, among

28  several other conditions, whether Defendants are exempt from registration under the provisions of

4

1 Rule 701. However, it is not enough that the case has the potential to implicate a federal issue.
2 For the Court to exercise federal jurisdiction, the federal issue must be "substantial." *See Grable*,
3 545 U.S. at 314. Defendants make no effort to explain why determining whether they are exempt
4 from registration under Rule 701 would be substantial. *See* Dkt. No. 27 at 4–5. Simply calling the
5 issue substantial does not make it so.

Rule 701 allows privately-held companies to compensate their employees with securities without incurring the obligations of public registration and reporting under federal securities laws. *See* 17 C.F.R. § 230.701. The Rule requires, *inter alia*, that any company issuing more than $10 million in stock options over a 12-month period provide detailed financial statements and other disclosures to the option recipients. *See id.* Although perhaps a fact-intensive exercise, determining whether Defendants complied with Rule 701 does not appear to involve "the validity, construction or effect of federal law" that is required to be considered "substantial." *See Grable*, 545 U.S. at 313 (quotation and alteration omitted).

Additionally, the Court has concerns that Defendants' argument, if accepted, proves too much. The terms of Rule 701 are incorporated by reference into § 25102(*o*). Thus, if the mere possibility that a defendant may raise Rule 701 as a defense to liability under California's securities laws were enough to establish federal question jurisdiction, then California could routinely be divested of the ability to decide disputes arising under its own securities laws. This result would "disturb[] the congressionally approved balance of federal and state judicial responsibilities." *See Grable*, 545 U.S. at 314. The Court finds that it lacks federal question jurisdiction over this action. "Federal courts are courts of limited jurisdiction," and as such, they have no power to consider claims for which they lack subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court must therefore remand this action.

### B. Motions to Seal

Defendants filed administrative motions to file documents under seal in connection with their motion to dismiss and their opposition to Plaintiff's motion for leave to amend the complaint. Dkt. Nos. 20, 29, 35.

### i. Legal Standard

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

### ii. Analysis

Defendants' sealing requests seek to seal information that contain confidential business

1  and financial information relating to the Apttus merger and the company's internal valuation
2  analysis related to this merger.  *See* Dkt. Nos. 20, 29, 35.  These documents include the merger
3  agreement itself and a single email related to the merger.  *Id.*  Because Defendants seek to seal
4  documents which pertain to their motion to dismiss, the Court applies the compelling reasons
5  standard.  The Court will apply the lower good cause standard for documents related to the
6  motion for leave to amend.

7         The Court did not rely on any of the documents that are the subject of Defendants'
8  administrative motions to seal, given that the Court first considered Plaintiff's pending motion to
9  remand and found that the Court lacks jurisdiction.  Thus, these documents are unrelated to the
10 public's understanding of the judicial proceedings in this case, and the public's interest in
11 disclosure of these documents is minimal given that the Court will not rule on Defendants' motion
12 to dismiss or Plaintiff's motion for leave to amend.  *See In re iPhone Application Litig.*, No. 11-
13 MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in
14 accessing these documents is even further diminished in light of the fact that the Court will not
15 have occasion to rule on Plaintiffs' Motion for Class Certification.").  Accordingly, because the
16 documents divulge confidential business and financial information unrelated to the public's
17 understanding of the judicial proceedings in this action, the Court finds that there is compelling
18 reason to file the documents under seal.  *See Economus v. City & Cty. of San Francisco*, No. 18-
19 CV-01071-HSG, 2019 WL 1483804, at *9 (N.D. Cal. Apr. 3, 2019) (finding compelling reason to
20 seal because the sealing request divulges sensitive information no longer related to the case); *In re*
21 *iPhone*, 2013 WL 12335013 (same); *Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014
22 WL 1921742, at *4 (S.D. Cal. May 14, 2014) (exhibit's disclosure of personal information and
23 irrelevance to the matter are compelling reasons to seal the exhibit).

24 **IV.  CONCLUSION**
25        Accordingly, the Court finds that it lacks subject matter jurisdiction and **GRANTS**
26 Plaintiff's motion to remand, and **GRANTS** the administrative motions to file under seal.
27 Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative
28 motion is granted will remain under seal.

The Court **REMANDS** the action to San Mateo County Superior Court.  The Court **DENIES AS MOOT** all other pending motions and the clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:  10/2/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge